1  BARRY J. PORTMAN
   Federal Public Defender
2  ANGELA M. HANSEN
   Assistant Federal Public Defender
3  555 - 12th Street, Suite 650
   Oakland, CA 94607-3627
4  Telephone: (510) 637-3500

5  Counsel for Defendant GUSS

7                   UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR-09-00959 PJH |
|---|---|---|
|                           | ) |                     |
| Plaintiff,                | ) | STIPULATED REQUEST TO SET |
|                           | ) | MATTER ON MAGISTRATE COURT |
| v.                        | ) | CALENDAR FOR INITIAL |
|                           | ) | APPEARANCE |
|                           | ) |  |
| JERRY LEE GUSS,           | ) | **The Hon. Laurel Beeler** |
|                           | ) |  |
| Defendant.                | ) |  |
|                           | ) |  |

On October 1, 2009, the Grand Jury charged Jerry Lee Guss with theft or embezzlement from an employee pension fund, in violation of 18 U.S.C. § 664.  Mr. Guss made an initial appearance in the Southern District of Texas on March 8, 2009 pursuant to Rule 5 of the Federal Rules of Criminal Procedure.  The magistrate judge there appointed the Federal Public Defender and released Mr. Guss on an unsecured $50,000 bond, ordering Mr. Guss to "appear in Oakland" on March 24, 2010, without formally setting this matter on the Northern District court's calendar (see attached minute order in 4:10-mj-00188).  Mr. Guss has not yet been arraigned.

The parties jointly request that the magistrate court set this matter on its May 10, 2010 calendar at 10:00 a.m. for an initial appearance in this district, and that the Court exclude time

Stip. Req. To Set Matter on Magistrate Calendar,
No. CR-09-00959 PJH

under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv), between the date of this stipulation and May 10, 2010.  There are three main reasons for this continuance.  First and foremost, Mr. Guss is 72 years old, and it is defense counsel's understanding that there may be competency issues stemming from a head injury and possible early onset of Alzheimer's disease.  The parties plan to have defense counsel obtain medical records and to have Mr. Guss evaluated so that the parties can assess his current medical issues and his mental state.  Moreover, the parties are uncertain as to whether or not Mr. Guss is physically able to travel to Oakland, California at this time.

Second, the parties request this continuance because Mr. Guss' wife reports that they do not currently have the funds needed to travel to this district.  Mr. Guss therefore needs additional time to obtain the necessary funds to travel.

Finally, the government plans to produce discovery in this case, and the defense will need time to review and process the information provided.  The requested continuance will thus allow the defense time to review the discovery and to investigate the underlying facts of the case.

The parties believe that because Mr. Guss has not been arraigned on the Indictment, the Speedy Trial Act does not apply.  *See* 18 U.S.C. §§ 3161(c)(1).  However, to the extent that the Speedy Trial Act might apply, the parties agree that the failure to grant the parties' request to set this matter over to May 10, 2010 would unreasonably deny counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The parties further stipulate and agree that the ends of justice served by this request outweigh the best interest of the public and the defendant in a speedy trial.  Accordingly, the parties agree that the period of time from the date of this Stipulation to May 10, 2010, should be excluded in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv), for effective preparation of defense counsel, taking into account the exercise of due diligence.

1  DATED: March 22, 2010                        /S/
                                         KESLIE STEWART
2                                        Assistant United States Attorney

3  DATED: March 22, 2010                        /S/
                                         ANGELA M. HANSEN
4                                        Assistant Federal Public Defender

5
   I hereby attest that I hae on file all holograph signatures for any signatures indicated by a
6  "conformed" signature (/S/) within this e-filed document.

# ORDER

Based on the reasons provided in the stipulation of the parties above, the Court hereby FINDS:

1. Given the defense need to investigate medical and mental health issues before Mr. Guss can make an initial appearance in this district;

2. Given Mr. Guss's wife's report that he needs more time to prepare to travel to this district;

3. Given the government's need to produce discovery in this case and defense counsel's need to review and process the discovery, and given that these tasks are necessary to the defense preparation of the case and that the failure to grant the parties' request to set this matter for initial appearance on May 10, 2010 would unreasonably deny counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence;

4. Given that the ends of justice served by this continuance outweigh the best interest of the public and the defendant in a speedy trial;

Based on these findings, IT IS HEREBY ORDERED that Mr. Guss is to appear in this district on May 10, 2010 at 10:00 a.m. for an initial appearance. It is FURTHER ORDERED that time is excluded pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv), from the date of this Stipulation to May 10, 2010.

DATED: March 23, 2010

LAUREL BEELER
United States Magistrate Judge