BARRY J. PORTMAN
Federal Public Defender
ANGELA M. HANSEN
Assistant Federal Public Defender
555 - 12th Street, Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500

Counsel for Defendant GUSS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR-09-00959 PJH |
|---|---|---|
| Plaintiff, | ) | STIPULATED REQUEST TO CONTINUE MATTER ON MAGISTRATE COURT CALENDAR FOR INITIAL APPEARANCE |
| v. | ) | |
| JERRY LEE GUSS, | ) | **The Hon. Donna M. Ryu** |
| Defendant. | ) | |

On October 1, 2009, the Grand Jury charged Jerry Lee Guss with theft or embezzlement from an employee pension fund, in violation of 18 U.S.C. § 664. Mr. Guss made an initial appearance in the Southern District of Texas on March 8, 2009 pursuant to Rule 5 of the Federal Rules of Criminal Procedure. The magistrate judge there appointed the Federal Public Defender and released Mr. Guss on an unsecured $50,000 bond. Mr. Guss has not yet been arraigned.

This matter is currently set on the Court's December 15, 2010 calendar for an initial appearance. The parties stipulate and agree that this matter should be continued to February 23, 2011, at 10:00 a.m., and that the Court exclude time under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(1)(A), (7)(A) and (B)(iv), between the date of this stipulation and February 23, 2011.

Stip. Req. To Continue Matter on Magistrate
Calendar, No. CR-09-00959 PJH

There are three main reasons for this continuance. First, Mr. Guss is 73 years old, and it is defense counsel's understanding that there may be competency issues stemming from a year-old head injury and possible early onset of Alzheimer's disease. Defense counsel has obtained medical records and has had Mr. Guss evaluated by a defense expert. The defense expert has made a finding that Mr. Guss is incompetent and not able to assist in his defense. The expert has completed the report and defense counsel produced the report to the government. The government would like additional time to review and assess the defense expert's report to determine how to proceed. The government is also considering whether to have its own expert evaluate Mr. Guss and needs additional time for that reason as well.

Second, defense counsel believes that Mr. Guss is not physically able to travel to Oakland, California at this time. He is currently at home in Texas recuperating from two surgeries.

Finally, the government has produced voluminous discovery in this case, and the defense needs time to review and process the information provided. The requested continuance will allow the defense time to review the discovery and to investigate the underlying facts of the case.

The parties agree that the period of time from December 15, 2010 through February 23, 2011 should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(A) due to the delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant.

The parties also agree that the failure to grant the parties' request to continue this matter over to February 23, 2011 would unreasonably deny counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The parties further stipulate and agree that the ends of justice served by this request outweigh the best interest of the public and the defendant in a speedy trial. Accordingly, the parties agree that the period of time from December 15, 2010 to February 23, 2011 should also be excluded

pursuant to the provisions of 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv), for effective preparation of defense counsel, taking into account the exercise of due diligence.

DATED: December 9, 2010            /S/
                          KESLIE STEWART
                          Assistant United States Attorney


DATED: December 9, 2010            /S/
                          ANGELA M. HANSEN
                          Assistant Federal Public Defender

# ORDER

Based on the reasons provided in the stipulation of the parties above, the Court hereby FINDS:

1. Given the parties need to complete its investigation of medical and mental health issues before Mr. Guss can make an initial appearance in this district, including the government's need to assess a defense expert's evaluation of Mr. Guss finding him incompetent and the government's need for additional time to determine if a separate government expert is necessary;

2. Given that Mr. Guss lives in Texas and is recovering from surgery, and that it is defense counsel's belief that Mr. Guss in not physically able to travel at this time;

3. Given that the government has produced voluminous discovery and defense counsel's need to review and process the discovery, and given that these tasks are necessary to the defense preparation of the case and that the failure to grant the parties' request to continue this matter would unreasonably deny counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence;

4. Given that the ends of justice served by this continuance outweigh the best interest of the public and the defendant in a speedy trial;

Based on these findings, IT IS HEREBY ORDERED that the initial appearance date of December 15, 2010 at 10:00 a.m. is vacated and reset to February 23, 2011 at 10:00 a.m. for an initial appearance. It is FURTHER ORDERED that time is excluded pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(1)(A), (7)(A) and (B)(iv), from December 15, 2010 to February 23, 2011.

DATED:  December 10, 2010

DONNA M. RYU
United States Magistrate Judge